**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ANTHONY JACKSON,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **3:06-CV-2069-B** |
| | ) | **ECF** |
| **PHILLIP ROBERTSON,** | ) | |
| **Defendant.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this cause has been referred to the United States Magistrate Judge.  The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is an unspecified *pro se* civil action.

Parties:  At the time of filing this action, Plaintiff was a resident at Volunteers of America in Hutchins, Texas, a residential re-entry center.  Plaintiff is presently residing in Dallas, Texas.  Defendant is Phillip Robertson, a Dallas attorney.  The Court did not issue process in this case pending preliminary screening.

Statement of Case:  Plaintiff seeks to sue his former counsel for keeping a $5,000.00 check although he was owed only $400.00, and for failing to make a $650.00 car payment and to store his belongings as he had promised.  As a result of Defendant's misleading and fraudulent representations, Plaintiff lost all his personal property and was sentenced to a longer sentence. (Complaint at 1).  He seeks monetary relief in the amount of $19,900.00.  (*Id.*).

Findings and Conclusions:  The Court has permitted Plaintiff to proceed *in forma pauperis*.  His complaint is, thus, subject to screening under 28 U.S.C. § 1915(e), which imposes

a screening responsibility on the district court.  *See also* 28 U.S.C. § 1915A(a) and (b).

Sections 1915(e)(2)(B) and 1915A(b)(1) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous."  A complaint is frivolous, if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Although the complaint is not filed on the form used by prisoners in filing civil rights actions pursuant to 42 U.S.C. § 1983, the Court liberally construes it to seek relief under that section.[1]

Whether Plaintiff seeks to sue Robertson for his misrepresentations as a private citizen or defense counsel, his conduct is not cognizable under § 1983.  That section affords redress only for conduct committed by a person acting under color of state law and does not ordinarily involve conduct of a private citizen or corporation.  *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004); *Scott v. Moore*, 85 F.3d 230, 233 (5th Cir. 1996); *Thibodeaux v. Bordelon*, 740 F.2d 329, 332 (5th Cir. 1984).  Moreover, a defense attorney in a criminal proceeding, whether retained or court appointed, is not a state actor.  *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit

---

[1]     42 U.S.C. § 1983 provides in relevant part as follows:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

under section 1983"); *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985) (holding that retained attorney does not act under color of state law). Accordingly, Plaintiff's complaint, insofar as it relies on § 1983, lacks an arguable basis in law and should be dismissed with prejudice as frivolous.[2]

Even when liberally construed in accordance with Plaintiff's *pro se* status, the complaint fails to allege federal subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001) (subject matter jurisdiction is an issue of paramount concern, and should be addressed, *sua sponte* if necessary, at the inception of any federal action); *Moody v. Empire Life Ins. Co.*, 849 F.2d 902, 904 (5th Cir. 1988) (same).

The complaint fails to allege a federal question arising under the Constitution or federal law. *See* 28 U.S.C. § 1331. Plaintiff merely complains about fraudulent misrepresentations on the part of Robertson, which would amount only to legal malpractice.

Absent a federal question, complete diversity of citizenship between adverse parties and at least $75,000 in controversy are required to establish subject matter jurisdiction. *See* 28 U.S.C. § 1332(a). Plaintiff cannot rely on diversity of jurisdiction. It is clear from the face of the complaint that Plaintiff and Defendant Robertson are citizens of the State Texas. Therefore, Plaintiff's complaint, insofar as it relies on 28 U.S.C. §§ 1331 and 1332, should be dismissed for want of jurisdiction.

Plaintiff's motion for the appointment of counsel should be denied. A plaintiff in a civil

---

[2]      Even assuming Plaintiff could satisfy the color-of-law requirement, his claim that he was sentenced to a longer sentence as a result of counsel's misrepresentations and actions would impugn on the validity of his underlying criminal conviction. Under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), such a claim is not cognizable under § 1983 unless a court determines that his conviction or sentence is in fact invalid or otherwise legally infirm. *Id.*

3

rights action is not entitled to court appointed counsel as a matter of law.  *See Castro Romero v. Becken*, 256 F.3d 349, 353 -354 (5th Cir. 2001); *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).  Moreover, in the instant case, Plaintiff cannot show that his case presents any exceptional circumstances warranting the appointment of counsel.  *See Ulmer*, 691 F.2d at 212.

RECOMMENDATION:

For the foregoing reasons, it is recommended that, insofar as the complaint relies on 42 U.S.C. § 1983, it should be DISMISSED with prejudice as frivolous, *see* 28 U.S.C. § 1915(e), and that, insofar as it relies on 28 U.S.C. §§ 1331 and 1332, it should be DISMISSED for want of jurisdiction.

It if further recommended that Plaintiff's motion for the appointment of counsel (docket #3) be DENIED.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 20th day of December, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds

of plain error, from attacking on appeal the unobjected to proposed findings of fact and
conclusions of law accepted by the district court.